UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DANIEL WILLIAM KELLESTON, #89347                                    PLAINTIFF

V.                                           CIVIL ACTION NO. 3:12-cv-665-LRA

HINDS COUNTY, MISSISSIPPI
and DEPUTY HAYNES                                                  DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

Defendants Hinds County and Deputy Haynes filed a Motion to Dismiss for Failure to

Exhaust Administrative Remedies [25] in this case, which is before the Court for consideration.[1]

Having considered the entire record in this matter, the Court finds that the motion should be, and

is hereby, granted.[2]

**I. Background**

Plaintiff is a pretrial detainee, currently housed at the Hinds County Detention Facility

(HCDF) in Raymond, Mississippi, who is proceeding *pro se* in this litigation.  Plaintiff brought

this lawsuit pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement.

Specifically, Plaintiff alleges that on June 6, 2012, he requested to be placed in protective

custody.  Plaintiff claims that Defendants ignored his request and on June 28, 2012, the inmates

by whom he had been threatened did in fact assault him.  [1].

---

[1]Defendant Haynes was never served with process.  Counsel for the other Defendant was
unable to identify Defendant Haynes at the time of the omnibus hearing. [34] at 6.  Defendant
Haynes, however, is listed as a Movant on the Motion.

[2]The parties consented to the undersigned deciding this case in its entirety. [32].

The Court held an omnibus or *Spears* hearing in this matter on January 16, 2014, at which Plaintiff was afforded the opportunity to fully explain his claim.[3]  Plaintiff testified that he submitted paperwork asking to be placed in protective custody because he had been threatened by certain fellow inmates.  Plaintiff was not moved and was subsequently attacked by the persons who had threatened him. [34] at 10.

## II.  Exhaustion

Defendants request that the Court dismiss this lawsuit because Plaintiff failed to comply with available administrative remedies before filing suit.  As Defendants point out, the applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies.  *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion."  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).  It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion.  *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the

---

[3]*See Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985).

administrative process, such as money damages. *Id.*

In support of their motion, Defendants filed a copy of the HCDF Inmate Grievance Procedure. [25-1]. Plaintiff argued at the omnibus hearing that he did submit a written grievance in accordance with the HCDF policy [34] at 8, but through his testimony it became clear that Plaintiff was referencing his written request to be placed in protective custody, not a written grievance concerning the attack. [34] at 9-10, 12. The grievance procedure and a request to be placed in protective custody are two different matters. Though Plaintiff may have submitted a written request to be placed in protective custody prior to the attack upon which his complaint is based, Plaintiff has not exhausted administrative remedies with respect to the allegations of the complaint. Moreover, even if a written request to be placed in protective custody could be construed broadly enough to cover the allegations of the complaint, Plaintiff did not pursue even that request all the way through the grievance process. Additionally, in rebuttal, Defendants filed the Affidavit of Ericka Moore, the custodian of HCDF's grievance records, by which she avers that there are no records of any grievance filed by Plaintiff in 2012.

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court again confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court." The PLRA governs Plaintiff's claims. Accordingly, he was required to complete the HCDF's grievance procedure in its entirety before filing suit under Section 1983. The requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program. *Alexander v. Tippah County, MS*, 351 F.3d 626, 630 (5th Cir. 2003). It is not for this Court to decide whether the procedures "satisfy minimum acceptable standards of fairness and effectiveness." *Booth*, 532 U.S. at 740 n. 5.

The Fifth Circuit has confirmed that the "pre-filing exhaustion of prisoner grievance processes is mandatory," and that "district courts have no discretion to excuse a prisoner's failure to properly exhaust." *Gonzalez v. Seal,* 702 F.3d 785, 788 (5th Cir. 2012) (per curiam); *see also Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012). The *Gonzalez* Court specifically stated:

> ... **District courts have no discretion** to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. **Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.**

*Gonzalez*, 702 F.3d at 788 (*emphasis added*).

In this case, Plaintiff clearly did not exhaust his administrative remedies before filing this lawsuit, and the Court has no choice but to dismiss his Complaint. Plaintiff may not have understood that the law required him to complete the ARP procedure before filing this lawsuit--- but not knowing the law does not allow this Court to excuse his failure to exhaust.

### III.  Conclusion

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

Defendants' Motion [25] is hereby **GRANTED**.

IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice, and a separate Final Judgment in favor of all Defendants shall be entered on this date.

.        SO ORDERED, this the 10th day of September, 2014.


                                        /s/ Linda R. Anderson
                                        UNITED STATES MAGISTRATE JUDGE


4